**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **JUMPSPORT, INC.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIV. A. NO. 6:17-cv-414** |
| | § | **JURY TRIAL REQUESTED** |
| **ACADEMY, LTD d/b/a** | § | |
| **ACADEMY SPORTS +** | § | |
| **OUTDOORS,** | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

JumpSport's trampoline enclosure technology revolutionized the backyard trampoline market.  Academy, Ltd d/b/a Academy Sports + Outdoors ("Academy") has become a major distributor of trampolines in Texas, in part because Academy's trampolines use JumpSport's patented enclosure technology.  This suit seeks damages for Academy's infringement of U.S. Patent Nos. 6,053,845 and 6,261,207.

### PARTIES

1.     Plaintiff and patent owner JumpSport, Inc. is a corporation formed under the laws of California with a principal place of business at 1680 Dell Avenue, Campbell, CA 95008.

2.     JumpSport pioneered the integration of safety enclosures with trampolines, improving safety and minimizing the risk of injury.

3.     Today, JumpSport markets a line of award-winning trampolines featuring their patented safety enclosure system.

4.      Defendant Academy is a Texas limited partnership with a principal place of business at 1800 North Mason Road, Katy, Texas 77449-2826.  Academy may be served with process through its registered agent, Genetha Turner, 1540 North Mason Road, Katy, TX 77449.

5.      Academy markets and sells trampolines and enclosure systems in the United States and in this district through its brick-and-mortar and online retail stores.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the laws of the United States.  *See, e.g.,* 35 U.S.C. § 1 *et seq.*

7.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (a).

8.      This Court has personal jurisdiction over the Defendant under the laws of the State of Texas, due at least to its substantial business in Texas and in this judicial district, including: (a) at least part of its infringing activities alleged herein; and (b) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

9.      Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

10.     Academy operates retail stores in this district through which it has committed acts of infringement in this district, transacting business involving the accused products in this judicial district.

11.     Through its brick-and-mortar and online retail stores, Academy has offered for sale and sold the accused products to residents of this district.

12.     Academy has delivered and directly markets the accused products to residents of this district.

13.     Academy sells and distributes accused products from stores in this district:



14.     JumpSport markets, sells, and delivers products embodying the asserted patents to customers in this district.

15.     JumpSport maintains inventory and parts in this district and also has distribution, customer support, and sales operations in this district.

16.     JumpSport has suffered damages in this district due to Academy's infringing conduct.

## ACCUSED ACADEMY PRODUCTS

17.     Academy carries several brands of trampoline-enclosure systems.

18.     Academy has advertised and sold or currently sells and advertises the following products in stores or online through Academy's website (www.academy.com):

| |
|---|
| SKU: 106922281<br>Item: 9012TS |
| SKU: 105578298<br>Item: STEC12P |
| SKU: 103564212<br>Item: SWTCS015 |
| SKU: 103564255<br>Item: STRC915.2 |
| SKU: 103564001<br>Item: SWTC811 |
| SKU: 103564079<br>Item: SWTC1511 |
| SKU: 105578319<br>Item: SWTC1500 |
| SKU: 108858421<br>Item: STEC12B |
| SKU: 103564167<br>Item: SWTCS1300 |
| SKU: 103564116<br>Item: SWTC17G11 |
| SKU: 112411277<br>Item: SWTC17R11.1 |
| SKU: 112411200<br>Item: SWTC800 |
| SKU: 112411242<br>Item: SWTC15 |
| SKU: 103564028<br>Item: SWTC1000 |
| SKU: 105578271<br>Item: STEC12G |
| SKU: 103564141<br>Item: STEC1620.1 |
| SKU: 103564183<br>Item: OWTCS1414 |

| |
|---|
| SKU: 103564052<br>Item: OWTC12 |
| Item: SWTC1011<br>SKU: 103564036 |
| Item: SWTC17P11.1<br>SKU: 103564124 |
| Item: STRC1400<br>SKU: 103564239 |
| Item: YSLAGOG1053<br>SKU: 110730881 |
| SKU: 109366305<br>Item: YSLJZOG1052 |
| SKU: 024868853<br>Item: YSLJZOG1022 |
| SKU: 101769548<br>Item: YSLJZOG1045 |
| SKU: 105373111<br>Item: JZ1015 |
| SKU: 024868283<br>Item: YSLJZOG1021 |
| SKU: 105087528<br>Item: UBRTG01-814 |
| SKU: 105087376<br>Item: UBSF01-14 |
| SKU: 105087405<br>Item: UBSF01-15 |
| SKU: 105087333<br>Item: UBSF02-13 |
| SKU: 105087561<br>Item: UBRTG01-915 |
| SKU: 105087499<br>Item: UBSF01-16 |
| SKU: 107121380<br>Item: JK1566C2 |
| SKU: 107121363<br>Item: JK1466C2 |
| SKU: 107121283<br>Item: BZ1213A6C1-DAL |
| SKU: 107121443<br>Item: OR1413B6A1-DAL |

| |
|---|
| SKU: 103769322<br>Item: BZJP7506 |
| SKU: 107121321<br>Item: JK1044 |
| SKU: 107121064<br>Item: JK812 |
| SKU: 107121013<br>Item: JK914 |

19.     These accused products and substantially similar products sold, offered for sale, made, imported, or distributed by Academy meet each and every limitation of the asserted claims of the '845 and '207 Patents.

20.     For example, claim 1 of the '845 Patent recites a trampoline having a frame, rebounding mat coupled to the frame by spring members, independent poles extending above the rebounding mat, and a flexible safety enclosure coupled to the poles and rebounding mat.  Each of the Academy accused products meet these limitations.

21.     Academy markets the accused products as trampolines with enclosures and stresses the safety features of the claimed subject matter of the '845 and '207 Patents.

22.     Each of the accused products includes a frame and rebounding mat (as exemplified below in pictures of the infringing products) and independent poles extending above the mat and supporting a safety enclosure.

23.     Pictured below to exemplify the accused products are the 9012TS, STRC1400, USLJZOG1022, UBRTG01-814, and JK1566C2 trampoline-enclosure products sold and marketed by Academy:



Pure Fun 9012TS



Skywalker STRC1400



(Sportspower) Jump Zone YSLJZOG1022



Upper Bounce UBRTG01-814          (YJUSA) Jumpking JK1566C2

24.     To meet the safety standards of the American Society for Testing and Materials (ASTM), sellers must include a safety enclosure when offering a recreational trampoline for sale.

25.     Academy complies with ASTM F381-16 in connection with its sales of the accused products.

26.     ASTM F381-16 provides in part:

> **4. Included Components**
>
> 4.1  When a trampoline is offered for sale, it shall include the following: (*1*) a frame, (*2*) a bed, (*3*) a suspension system, (*4*) frame padding (where the frame is in the plane of the bed), (*5*) an enclosure in compliance with Safety Specification F2225, (*6*) an information packet, and (*7*) suitable markings.
>
> ASTM F381-16

27.     ASTM F2225, titled "Standard Safety Specification for Consumer Trampoline Enclosures," is a companion standard to ASTM F381.

28.     The Academy accused products comply with ASTM Safety Specification F2225.

29.     The accused products include a safety enclosure to protect against the risk of injury from fall-offs or frame impacts.

30.     Shown below is an exemplary frame of an Academy accused product:



31.     The rebounding mat of the accused products is coupled to the frame by spring members as shown below in pictures from the 912TS and OWTC1200 manuals:





Skywalker OWTC1200

32.    In accused products such as shown below, each spring member is coupled to the rebounding mat by an inflexible member often referred to as a D-ring.



33.     The accused products have plural independent poles as exemplified by the 9012TS pictured below:



34.     Independent poles are connected to horizontal and leg members via brackets or U-bolts as shown below:



(Skywalker) SWTC1500, SWTC1511 (assembly instructions apply to both models), SWTC15 (part of 1500 series)



35.     The accused products feature a top line that extends between upper ends of

the independent poles as shown below:



36.　　End caps with brackets receive the top line.



37.　　Academy accused products feature a safety enclosure comprising a flexible material coupled to said independent poles and to the rebounding mat.



38.     The safety enclosure is coupled to the independent poles and rebounding mat to help in absorbing impact forces to the enclosure.

39.     The 9012TS assembly instructions caution end users that "the Safety Net will become very tight as you near completion.  It can be helpful to have another adult assist you in completing this process.  The Safety Net should be very tight . . ."

40.     If not met literally, asserted claims requiring brackets to receive the top line are infringed under the doctrine of equivalents because ball end caps in the accused products perform the same function (receiving the top line) in substantially the same way (using the tops of the poles to constrain mobility of the top line) to achieve substantially the same result (a firm coupling of the enclosure to the poles and efficient transfer of forces among the enclosure, the poles, and the rebounding mat).

41.     Academy accused products feature end caps shaped with openings formed in the cap and of different configurations exemplified below:



Pure Fun 9012TS



Connect the pole cap Ⓐ on the top of upper
Pole Ⓑ . Repeat for each pole.

Refer to the picture to clearly see which way to
attach the pole cap, the opening of the pole
cap has to be on the same side as the outside
bend of the upper pole.

Upper Bounce UBRTG01-814



Skywalker STEC 12

42.    Academy accused products feature a flexible bottom line attached to the

enclosure and extending between adjacent poles at a level below the top line.

43.    Examples of the bottom line in the accused products are shown below:



Pure Fun 9012TS



44.     Academy uses several methods of attaching the safety enclosure to the rebounding mat or other component of the system in the accused products.  Shown below is attachment by weaving the flexible enclosure to the V-rings and clips:



Start by inserting one end of the rope to the beginning of the safety net entrance. Secure the rope by making a knot around the first V-ring so the rope is now attached to the trampoline. Weave it through the net and V-rings through every second V-ring until the other end of the net entrance. Make another knot around the last V-ring at the other end of the rope.

45.     End caps of the independent poles in the accused products are shaped and made of a material to absorb energy from an impact or force applied.

46.     Academy accused products use T-brackets or U-bolts to couple poles to legs. To the extent the claims reciting at least one U-bolt are not infringed literally, these limitations are met under the doctrine of equivalents because fasteners or fabricated brackets perform substantially the same function as a fastener that includes at least one U-

bolt (coupling the poles to the legs) in substantially the same way (harnessing the weight supported by the legs to constrain the lateral mobility of the poles) to achieve substantially the same result (the poles remain securely in place).

47.     Resilient sheaths are installed on the accused product poles to absorb impact forces from jumpers.

48.     Sleeves made of foam or other material designed to absorb impact energy are resilient sheaths.



49.     Flexible enclosure material in the Academy accused products is fence netting, typically made of woven material with open spaces between cords or fibers.

50.     The Academy accused products that include circular, oval, or substantially rounded rebounding mats meet the '207 claim 9 limitation of a generally cylindrical wall made of a flexible material.

51.     Academy directly infringes (and indirectly upon notice at least by this complaint) claim 12 of the '207 Patent by or through offering for sale, importing and selling basketball accessories for trampolines that have a flexible safety enclosure.  These '207

Accused Basketball Products include "Skywalker Trampolines Double Basketball Hoop for 12' Trampolines" (SWBB1200, SKU: 111044760) and "Skywalker Trampolines Basketball Hoop and Ball Set" (SWBB100, SKU: 108858341).



52.     The accused products each have a plurality of posts, and the '207 Accused Basketball Products are marketed by Academy to be sold in conjunction with and for customers specifically to use with compatible accused products.

53.     Academy's basketball hoop attaches to the enclosure poles of the trampoline.

54.     The Academy accused products include a flexible top line that extends between adjacent posts at an elevation above the rebounding surface, and the '207 Accused Basketball Products are marketed by Defendant to be sold in conjunction with and for customers specifically to use with the infringing trampolines.

55.     The accused products integrate the frame, legs, poles, and enclosure such that they operate as a system to absorb impact energy as recited in the asserted claims.

## COUNT 1
## (INFRINGEMENT OF U.S. PATENT NO. 6,053,845)

56.     JumpSport incorporates paragraphs 1 through 55 herein by reference.

57.     JumpSport, Inc., is the owner, by assignment, of U.S. Patent No. 6,053,845 (the "'845 Patent") titled "Trampoline or the Like with Enclosure."  A true and correct copy of the '845 Patent is attached as Exhibit A.

58.     The '845 Patent claims asserted herein are valid and enforceable.

59.     The '845 Patent was duly issued by the United States Patent Office upon finding it fully complied with Title 35 of the United States Code.

60.     Academy has no consent or authorization to practice the '845 Patent.

61.     Academy directly infringes one or more claims of the '845 Patent, including at least claims 1, 2, 3, 5, 7, 8, 12, 13, and 17, under 35 U.S.C. § 271(a) by making, using, offering for sale, importing, distributing, and selling the accused products having flexible safety enclosures as recited in the asserted claims.

62.     By this Complaint, Academy is on notice of the '845 Patent, the products that infringe the '845 Patent, and how they infringe.  Academy will be liable for contributory and/or inducing infringement if Academy's infringing conduct continues.

63.     For example, Academy will be liable under 35 U.S.C §271(b) when it knowingly induces others to infringe by encouraging, aiding, and abetting the use, assembly, and installation of the accused trampolines and safety enclosures.  *See* "In Store

Services | Academy" *available at* http://www.academy.com/shop/en/store/instore-services ("Whether you are buying a new treadmill, a grill, a gun safe or another oversized item from Academy Sports + Outdoors, we will assist with the assembly and delivery directly to your home.").

64.     Enclosure systems of the accused products have no substantial non-infringing use but to infringe the asserted claims.

65.     Academy specifically intends the enclosure systems to be installed on the accused trampolines to infringe the asserted claims.

66.     Academy maintains an interactive website upon which prospective customers ask questions that Defendant answers in furtherance of its knowing inducement of others' assembly of the 845 Accused Products.  *See* "Skywalker Trampolines 10' Round Trampoline with Enclosure" *available at*

http://www.academy.com/webapp/wcs/stores/servlet/Product_10151_10051_1356333_-1 (featuring a response from "Stevie G  · Customer Care" to a concern raised by a customer attempting to assemble an infringing product).

67.     Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff in an amount that adequately compensates it for Defendant's infringement, which compensation by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 2
### (INFRINGEMENT OF U.S. PATENT NO. 6,261,207)

68.     JumpSport, Inc. incorporates paragraphs 1 through 67 herein by reference.

69.     JumpSport, Inc., is the owner, by assignment, of U.S. Patent No. 6,261,207 (the "'207 Patent") titled "Trampoline or the Like with Enclosure."

70.     A true and correct copy of the '207 Patent is attached as Exhibit B.

71.     The claims asserted herein of the '207 Patent are valid, enforceable, and the '207 Patent was duly issued by the United States Patent Office upon finding it fully complied with Title 35 of the United States Code.

72.     Defendant Academy directly infringes one or more claims of the '207 Patent, including claims 9, 12, 14, 15, 17, 18, 25, 26, 27, 30, 31, 33, and 34, under section 271(a) by making, using, selling, offering for sale, importing, and/or distributing the accused products.

73.     Academy has no consent or authorization to practice the '207 Patent.

74.     By this Complaint, Academy is on notice of the '207 Patent, the products that infringe the '207 Patent, and how they infringe.  Academy will be liable for contributory and/or inducing infringement if Academy's infringing conduct continues.

75.     As of this Complaint, Academy's sales of the accused trampoline-enclosure systems and '207 Accused Basketball Products designed for use and installation together constitute contributory and inducing infringement.

76.     Academy encourages, directs, aids, and abets the use, assembly, and installation of these products and the basketball products (and enclosure systems) have no substantial non-infringing use.

77.     Academy specifically intends the accused enclosure systems and basketball products to be installed and used to infringe the asserted claims.

78.     JumpSport has been damaged as a result of Academy's infringing conduct. Academy is thus liable to JumpSport in an amount that adequately compensates it for Academy's infringement, which compensation by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**SECTION 287 NOTICE**

79.     JumpSport has complied with 35 U.S.C. § 287 by marking its products.

**NOTICE OF REQUIREMENT OF LITIGATION HOLD**

80.     Defendant is hereby notified it is legally obligated to locate, preserve, and maintain all records, notes, drawings, documents, data, communications, materials, electronic recordings, audio/video/photographic recordings, and digital files, including edited and unedited or "raw" source material, and other information and tangible things that Defendant knows, or reasonably should know, may be relevant to actual or potential claims, counterclaims, defenses, and/or damages by any party or potential party in this lawsuit, whether created or residing in hard copy form or in the form of electronically stored information (hereafter collectively referred to as "Potential Evidence").

81.     As used above, the phrase "electronically stored information" includes without limitation: computer files (and file fragments), e-mail (both sent and received, whether internally or externally), information concerning e-mail (including but not limited to logs of e-mail history and usage, header information, and deleted but recoverable e-mails), text files (including drafts, revisions, and active or deleted word processing documents), instant messages, audio recordings and files, video footage and files, audio files, photographic footage and files, spreadsheets, databases, calendars, telephone logs,

contact manager information, internet usage files, and all other information created, received, or maintained on any and all electronic and/or digital forms, sources and media, including, without limitation, any and all hard disks, removable media, peripheral computer or electronic storage devices, laptop computers, mobile phones, personal data assistant devices, Blackberry devices, iPhones, video cameras and still cameras, and any and all other locations where electronic data is stored.  These sources may also include any personal electronic, digital, and storage devices of any and all of Defendant's agents, resellers, or employees if Defendant's electronically stored information resides there.

82.    Defendant is hereby further notified and forewarned that any alteration, destruction, negligent loss, or unavailability, by act or omission, of any Potential Evidence may result in damages or a legal presumption by the Court and/or jury that the Potential Evidence is not favorable to Defendant's claims and/or defenses.  To avoid such a result, Defendant's preservation duties include, but are not limited to, the requirement that Defendant immediately notify their agents and employees to halt and/or supervise the auto-delete functions of Defendant's electronic systems and refrain from deleting Potential Evidence, either manually or through a policy of periodic deletion.

## JURY DEMAND

JumpSport hereby demands a trial by jury on all claims, issues and damages so triable.

## PRAYER

JumpSport prays for the following relief:

That Academy be summoned to appear and answer;

That the Court enter an order declaring that Academy has infringed the '845 and '207 Patents;

That this is an exceptional case under 35 U.S.C. § 285;

That the Court grant Plaintiff judgment against Academy for all actual, consequential, special, punitive, exemplary, increased, and/or statutory damages pursuant to 35 U.S.C. 284 including, if necessary, an accounting of all damages; pre and post-judgment interest as allowed by law; and reasonable attorney's fees, costs, and expenses incurred in this action; and

Such further relief to which JumpSport may show itself justly entitled.

Dated: July 16, 2017

Respectfully submitted,

**TAYLOR DUNHAM AND RODRIGUEZ LLP**
301 Congress Ave., Suite 1050
Austin, Texas 78701
512.473.2257 Telephone
512.478.4409 Facsimile

By: _Cabrach Connor_
Cabrach J. Connor
State Bar No. 24036390
Email: cconnor@taylordunham.com
Jennifer Tatum Lee
Texas Bar No. 24046950
Email: jtatum@taylordunham.com