IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **JUMPSPORT, INC.,** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **ACADEMY, LTD DBA ACADEMY** § <br> **SPORTS & OUTDOORS,** § <br> § <br> **Defendant.** § | **CIVIL ACTION NO. 6:17-CV-00414-RWS** <br> **(LEAD ACTION)** |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Amazon.Com, Inc., Amazon.com LLC, American Sports Licensing, LLC F/K/A American Sports Licensing, Inc., Dick's Merchandising & Supply Chain, Inc., Dick's Sporting Goods, Inc., Lowe's Home Centers, LLC, Sam's East, Inc. d/b/a Sam's Club, Sam's West, Inc. d/b/a Sam's Club, Target Brands, Inc., Target Corporation, Wal-Mart Stores East, LP, Wal-Mart Stores Texas, LLC, Wal-Mart Stores, Inc., Wal-Mart.Com USA, LLC. ("Defendants") Motion to Stay Pending *Inter Partes* Review ("IPR") (Doc. No. 83). Plaintiff JumpSport, Inc. ("JumpSport") filed a response (Doc. No. 88). Having fully considered the parties' arguments and for the reasons set forth herein, Defendants' Motion to Stay (Doc. No. 83) is **DENIED WITHOUT PREJUDICE**.

### BACKGROUND

On July 16, 2017, JumpSport filed its original complaint in this lead action against Academy, Ltd d/b/a Academy Sports + Outdoors ("Academy"), alleging infringement of U.S. Patent Nos. 6,053,845 and 6,261,207 ("the patents-in-suit"). Thereafter, JumpSport filed cause

1

numbers 6:17-cv-542, 6:17-cv-606, 6:17-cv-645, 6:17-cv-662, 6:17-cv-663 and 6:17-cv-666 against other moving Defendants, which were consolidated with this action for pretrial purposes. (Doc. No. 40.)[1] On February 27, 2018, Amazon.com, Inc. filed IPR petitions pursuant to 35 U.S.C. §§ 311-319 and 37 C.F.R. § 42, challenging claims 1-3, 5, 7, 8, 12, 13, 15, and 17 of U.S. Patent No. 6,053,845 ("the '845 Patent") and claims 1, 5, 9-10, 12, 14-15, 17-18, 25-27, 30-31, and 33-34 of U.S. Patent No. 6,261,207 ("the '207 Patent"). (Doc. Nos. 88-1, 88-2.) The Patent Trial and Appeal Board ("PTAB") has not yet made an institution decision on these petitions. Based on the filings, an institution decision would not be due until August 2018 and a final written decision would not be expected until August 2019, within one year of the date the petitions were instituted.[2] 35 U.S.C. §§ 314, 316(a)(11). The moving Defendants filed the instant Motion to Stay on March 23, 2018. (Doc. No. 83.) On April 16, 2018, Defendants Academy and The Home Depot, Inc., Home Depot USA, Inc. and Home Depot Product Authority, LLC ("Home Depot") filed a notice of their intent to join in the motion and agreement to estoppel provisions discussed therein. (Doc. No. 89.)

**LEGAL STANDARD**

"Courts have the inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion" of a PTO administrative proceeding. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). The party seeking a stay bears the burden of showing that such a course is appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248,

---

[1] Consolidated Defendants in these actions are: Amazon.Com, Inc., Amazon.com LLC, American Sports Licensing, LLC F/K/A American Sports Licensing, Inc., Dick's Merchandising & Supply Chain, Inc., Dick's Sporting Goods, Inc., Home Depot Product Authority, LLC, Home Depot USA, Inc., The Home Depot, Inc. Lowe's Home Centers, LLC, Sam's East, Inc. d/b/a Sam's Club, Sam's West, Inc. d/b/a Sam's Club, Target Brands, Inc., Target Corporation, Wal-Mart Stores East, LP, Wal-Mart Stores Texas, LLC, Wal-Mart Stores, Inc., Wal-Mart.Com USA, LLC.

[2] However, pursuant to 35 U.S.C. § 316(a)(11), the PTAB could extend the one-year deadline by six months for good cause.

255 (1936). A stay pending an administrative proceeding is not automatic; rather, it must be based upon the circumstances of the individual case before the court. *See, e.g., Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 755 (E.D. Tex. 2006). While the case law states several general considerations that are helpful in determining whether to order a stay, ultimately the Court must decide stay requests on a case-by-case basis. *Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. 06–cv–04206–WHA, 2007 WL 1052883, at * 1 (N.D. Cal. Apr. 5, 2007) ("From a case management perspective, the possible benefits must be weighed in each instance against the possible drawbacks."). Though a stay is never required, it may be "particularly justified where the outcome of the [administrative proceeding] would be likely to assist the court in determining patent validity and, if the claims were canceled in the [administrative proceeding], would eliminate the need to try the infringement issue." *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). Indeed, "an auxiliary function [of the proceeding] is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration." *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985). Nevertheless, there is no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule "would invite parties to unilaterally derail litigation." *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005); *see also Comcast*, 2007 WL 1052883, at *1 ("If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner."). In deciding whether to stay a given action, courts frequently consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will

simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Soverain*, 356 F. Supp. 2d at 662.

## DISCUSSION

The Court has inherent discretion whether to grant a stay in patent litigation pending IPR. *See Ethicon*, 849 F.2d at 1426–27. A final decision is made with "an eye toward maintaining an even balance between the competing interests of the parties at issue." *TruePosition, Inc. v. Polaris Wireless, Inc.*, C.A. No. 12-646, 2013 WL 5701529, at *2 (D. Del. Oct. 21, 2013) (citing *SoftView LLC v. Apple, Inc.,* C.A. No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677, at *6-7 (D. Del. July 26, 2012)).

### I. Undue Prejudice to Plaintiff

Defendants argue that Plaintiff will not be prejudiced by a stay because Plaintiff has not moved for a preliminary injunction and delayed in seeking to enforce its rights. (Doc. No. 83, at 3.) Specifically, Defendants argue that Plaintiff started selling its products on Amazon.com in 2009 and therefore must have known the accused products were being publicly sold at that time. *Id.* Defendants also argue that Plaintiff waited an additional four months in bringing the majority of these actions after it filed its first action against Academy. *Id.* Finally, Defendants argue that the patents-in-suit expire in three months and that damages will therefore stop accruing at that time. *Id.* Plaintiff argues that it will be prejudiced by a stay because Amazon is the only active participant in the IPRs and the case against Amazon may settle, dismissing the IPR and mooting the issue. (Doc. No. 88, at 4.) Plaintiff also points out that Defendants Home Depot and Academy have not joined in this motion and therefore do not agree to be bound or agree to a stay of the proceedings. *Id*. at 5. Plaintiff further contends that non-participating Defendants may file their own IPR within one year of the filing of these suits, which would lead up to late 2018 for

some Defendants. *Id.* Finally, Plaintiff argues it will suffer delay in the enforcement of its patents if a stay is granted. *Id.* at 6.

Since the filing of the instant Motion, the circumstances have changed as Academy and Home Depot belatedly noticed their intent to join in the motion. (Doc. No. 89.) Although this removes the complications of partial joinder, it still remains that Amazon is the only Defendant actively pursuing review before the PTAB presently. While this disjuncture may not create immediate prejudice to Plaintiff, the possibility that the present IPR proceedings could be abandoned or that more petitions could be filed, may further delay the resolution of this action. Even if the petitions filed by Amazon remain the only petitions, they will not be fully resolved until after this Court's trial setting. Plaintiff has a recognized interest in the timely enforcement of its patent rights. *Ambato Media, LLC v. Clarion Co., Ltd,* 2:09-cv-242, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012); *Voltstar Technologies, Inc. v. Superior Commc'ns, Inc.,* 2:12-cv-00082, 2013 WL 4511290, at *2 (E.D. Tex. Aug. 22, 2013). Although the patents-in-suit are set to expire, Plaintiff still has an interest in enforcement of its rights for past and current infringement. It is unclear when Plaintiff knew about the accused products being sold to determine what delay occurred in initially bringing this suit as Plaintiff does not address this point in its response. However, there was at least some piece-meal delay in the filing of these collective actions. Balancing this minor delay in enforcement of Plaintiff's rights against the possibility that continued or abandoned PTAB proceedings could cause further delay, this factor weighs slightly against a stay.

## II. Simplification of the Issues

The second factor, whether a stay would simplify the issues in this case, also weighs against a stay. Defendants argue that the PTAB will likely cancel all of the claims and that the

moving Defendants have agreed to be bound by the same estoppel provisions as Amazon. (Doc. No. 83, at 8.) Defendants argue that this will simplify the case because it will streamline the issues surrounding invalidity and claim construction. *Id.* at 9. Plaintiff argues that there is no guarantee that a stay would simplify the issues for trial. (Doc. No. 88, at 6.) Plaintiff notes that it will be unable to amend the claims in the IPR proceedings once the patents expire soon and emphasizes that only one Defendant in these actions—Amazon—is actively participating in the IPR petitions. *Id.* at 6–7.

Here, the IPRs have not yet been instituted and only one of the Defendants in these actions is actively pursuing the IPRs. While the other moving Defendants agree to be bound by the IPR estoppel provisions, importantly, the time has not lapsed for the filing of further petitions by Defendants and it remains possible that the petitions filed by Amazon might not reach resolution. Further, because the petitions filed by Amazon have not yet been instituted, any degree to which the IPRs would simplify issues on the asserted claims is purely speculative. Therefore, the Court finds this factor weighs against a stay.

### III. Status of the Case

Defendants argue that this case is in its early stages and that no discovery has occurred other than completion of a few interrogatories. (Doc. No. 83, at 6.) Defendants argue that although a schedule has been set, the *Markman* hearing is a few months away and trial is not scheduled until May 2019. *Id.* Plaintiff argues that even a short stay would jeopardize the current schedule and could result in Plaintiff having little more than eight months to prepare seven cases for trial. (Doc. No. 88, at 7.) The Court agrees that this case is in its early stages. However, at this time, the PTAB has not yet even instituted review on the filed petitions whereas this Court has a schedule in place, which is currently proceeding through discovery and claim construction

deadlines. The Court notes Defendants' prudence in filing of this motion, but finds the more proper course of action under the circumstances would be to wait on an institution decision from the PTAB before deciding whether to abate the Court's deadlines.

## CONCLUSION

At this time, the relevant factors in this case favor denying a stay. For these reasons, the Court **DENIES** Defendants' Motion to Stay (Doc. No. 83) **WITHOUT PREJUDICE** to re-urging upon an institution decision from the PTAB. If re-urged, all remaining Defendants in this action must advise the Court of the extent to which they agree to be estopped via joinder in a renewed motion or notice to the Court.

**So ORDERED and SIGNED this 17th day of April, 2018.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE