**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **JUMPSPORT, INC.** | § | |
| Plaintiff, | § | |
| | § | **CIV. A. NO. 6:17-cv-414-RWS-JDL** |
| v. | § | **(LEAD CONSOLIDATED CASE)** |
| | § | |
| **ACADEMY, LTD d/b/a ACADEMY SPORTS & OUTDOORS;** | § | **PATENT CASE-JURY** |
| | § | |
| **WAL-MART STORES, INC., et al.;** | § | **CIV. A. NO. 6:17-cv-645-RWS-JDL** |
| | § | |
| **DICK'S SPORTING GOODS, INC., et al.; and** | § | **CIV. A. NO. 6:17-cv-663-RWS-JDL** |
| | § | |
| **AMAZON.COM, INC., et al.,** | § | **CIV. A. NO. 6:17-cv-666-RWS-JDL** |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION TO STRIKE
AMAZON'S THIRD, FIFTH, SIXTH, AND SEVENTH DEFENSES**

The Amazon defendants, Amazon.com, Inc. and Amazon.com LLC (collectively, "Amazon"), inadequately pleaded several affirmative defenses. After a first round of conferences lasting weeks, Amazon agreed to amend its answer. Amazon's effort was incomplete and deficient, and a second round of discussions was unsuccessful. Amazon refuses to provide factual bases for four of its defenses, so JumpSport moves to strike them pursuant to Fed. R. Civ. P. 12(f):

<u>Amazon's Third Defense</u>: Failure to Comply with Marking or Notice under 35 U.S.C. §287;

<u>Amazon's Fifth Defense</u>: Estoppel, Acquiescence, Waiver, Issue Preclusion, Kessler Doctrine, and Unclean Hands;

<u>Amazon's Sixth Defense</u>: "The Asserted Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by Amazon"; and

<u>Amazon's Seventh Defense</u>: License and/or Exhaustion.

## FACTUAL BACKGROUND

Amazon answered JumpSport's Amended Complaint (Dkt. 6) on February 12, 2018. Dkt. 13. Amazon's Answer referenced numerous stock defenses in a conclusory pleading lacking substantive factual allegations. The parties conferred. JumpSport requested information from Amazon so it could address the pleaded defenses, and JumpSport provided defense counsel with the Report and Recommendation and Order Adopting the Report in the *Security Profiling* Case (Case No. 6:16-cv-1165-RWS-JDL, Dkt. 52 and 61). A month later, Amazon filed its First Amended Answer and Additional Defenses to Plaintiff's First Amended Complaint (Dkt. 111).

Amazon's amendment did not cure the deficiencies. Amazon's Third, Fifth, Sixth, and Seventh "Additional Defenses" are mere invocations of the defenses without pleading any operative and relevant facts at any level of specificity. And Amazon refuses to provide any such facts.

During a recent meet and confer on July 10, 2018, Amazon's counsel (who is also Dick's and Walmart's counsel) refused to provide any factual information supporting its estoppel defense (Fifth Defense) telling JumpSport's counsel, "if the Court grants your motion, we will amend." When JumpSport implored Amazon (and the Dick's and Walmart defendants) to avoid protracted, wasteful spin-off litigation by "mak[ing] us file a motion; just tell us the facts now," defense counsel responded, "we don't need to tell you."

JumpSport submits that the following defenses should be struck from Amazon's Amended Answer, Dkt. 111:

A. **Amazon's Third Additional Defense: Failure to Mark under 35 U.S.C. § 287**. Amazon states no facts, alleging "on information and belief" the elements of the defense. Dkt. 111 at 12. Amazon fails to state facts alleging (1) identification of a single unmarked product (of JumpSport or a licensee) that Amazon contends practices either asserted patent; (2) how many patented articles were not marked; or (3) identification of a single licensee under an obligation to mark who did not or JumpSport's failure to undertake reasonable efforts to police a licensee's compliance.

B. **Amazon's Fifth Additional Defense: "Equitable Doctrines of Estoppel, Acquiescence, Waiver, Issue Preclusion, *Kessler* Doctrine, and/or Unclean Hands."** Amazon's pleading states only that "Plaintiff was aware of the accused products for more than seven years before filing this suit as a result of Plaintiff's sale of competing products on Amazon.com." Dkt. 111 at 12. It fails to provide facts taking the kitchen-sink allegation beyond mere speculation.

C. **Amazon's Sixth Additional Defense: "The Asserted Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by Amazon."** If Amazon alleges this as a defense distinct from non-

infringement, it must state facts that fairly apprise JumpSport and cross the threshold of speculation. As it stands, Amazon has pleaded no facts. *Id*. at 13.

**D. Amazon's Seventh Additional Defenses: Doctrine of License and/or Exhaustion.** Amazon identifies no provision of any written agreement that would confer the alleged license, release, and/or covenant not to sue that authorizes Amazon's infringement. Again, Amazon has pleaded no facts. *Id*.

Amazon has tried and failed to cure these pleading deficiencies. Striking them without leave to amend is appropriate.

## ARGUMENT AND AUTHORITIES

**A. The Federal Rules and Case Law Provide a Framework for Striking Affirmative Defenses.**

This Court recently held that defenses that are "devoid of any factual allegations to support" their assertion should be stricken. *SecurityProfiling, LLC v. Trend Micro America, Inc., et al.*, No. 6:16-cv-01165-RWS-JDL, 2017 U.S. Dist. LEXIS 72218 (E.D. Tex. May 11, 2017) (adopting magistrate's recommendation of Mar. 21, 2017 (Dkt. 52)). Fed. R. Civ. P. Rule 12(f) provides that a party may move to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "This is a clear mechanism for the Court to save time and expense by eliminating insufficient defenses from the pleadings when those items lack merit or are otherwise unavailing." *Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, Case 2:15-cv-01838-JRG, Order dated April 6, 2016 ("*Twin Rivers*") (citing *Operating Eng'rs Local 324 Health Care Plan v. G&W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)).

Affirmative defenses are subject to the requirements of Rules 8 and 9, and "a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of

law." *Twin Rivers*, *supra*, at p. 2, quoting *Kaiser Aluminum v. Chem. Sales, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *see also Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses must give plaintiff "fair notice of the defense," and may not be "mere denials of an element of the plaintiff's prima facie case." *Twin Rivers, supra* (citing *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); *F.T.C. v. Think All Pub. L.L.C.*, 564 F. Supp. 2d 663, 665–66 (E.D. Tex. 2008)).

*Twombly/Iqbal*[1] plausible-pleading requirements apply to affirmative defenses. *See e.g., Twin Rivers, supra* (citing *Operating Eng'rs Local 324 Health Care Plan v. G&W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)). In *Hayden v. United States*, 147 F. Supp. 3d 1125, 1129–31 (D. Or. 2015) (internal citations omitted), the district court wrote a detailed and instructive analysis of the issue. After explaining why affirmative defenses are subject to the requirement of *Twombly/Iqbal*, the court noted considerations that are applicable here:

> Lastly, the policy underlying Twombly and Iqbal's plausibility requirement applies with equal force to defenses. The Supreme Court recognized that tightening notice pleading to require plausibility serves an important gate-keeping function by cutting off vague or even frivolous claims early, thus avoiding the time and expense of unnecessary or far-ranging discovery. [. . .] "Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." Applying a heightened [standard] to affirmative defenses also "weed[s] out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted."

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

*See also Palmer v. Oakland Farms, Inc.*, 2010 WL 2605179 at *5 (W.D. Va. 2010) ("[T]he considerations of fairness, common sense and litigation efficiency underlying *Twombly* and *Iqbal* strongly suggest that the same heightened pleading standard should also apply to affirmative defenses."); *HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 691 (N.D. Ohio 2010) (concluding that "[t]he underlying rationale used by the Supreme Court [is] a justification for extending the holdings of *Twombly* and *Iqbal* to affirmative defenses"); *Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 440-42 (C.D. Cal. 2013) (applying *Twombly* and *Iqbal* to affirmative defenses); *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) (same).

### B. Amazon's Defenses Fail to Meet the Standard for Pleading Affirmative Defenses.

**Amazon's Third Additional Defense: Failure to Mark under 35 U.S.C. § 287.**

Amazon does little more than paraphrase what it is required to prove to prevail on a marking defense:

> Plaintiff is not entitled to past damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any alleged infringement by Amazon of the claims of the '845 Patent or the '207 Patent to the extent that Plaintiff and/or any predecessor, owners, and/or licensees of the '845 Patent or the '207 Patent have not complied with the notice and/or marking requirements of 35 U.S.C. §287. On information and belief, JumpSport and its licensees did not mark substantially all products that practice the Asserted Patents, nor did JumpSport take reasonable efforts to require its licensees to do so. (Dkt. 111 at 12.)

Not a single fact is alleged. Amazon's assertion "on information and belief" merely paraphrases what Amazon must prove and fails to provide notice or guidance to JumpSport.

Amazon's use of conditional "to the extent" language renders this "defense" a meaningless assertion or allegation because it pleads no circumstances or acts subject to the qualifier. With these caveats, JumpSport is unable to discern whether Amazon alleges that certain products could or should have been marked, what those products are, or whether Amazon contends a gap in marking by JumpSport or a licensee. If Amazon has a factual basis for its pleading, it must state it, providing at least an identification of products that were allegedly not marked and why Amazon contends such products should have been marked. *Arctic Cat v. Bombardier Recreational Prods.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017) ("Permitting infringers to allege failure to mark without identifying any products could lead to a large-scale fishing expedition and gamesmanship.")

**Amazon's Fifth Additional Defense: "Equitable Doctrines of Estoppel, Acquiescence, Waiver, Issue Preclusion, *Kessler* Doctrine, and/or Unclean Hands."**

This is Amazon's kitchen-sink equitable defense pleading. Amazon aggregates six distinct equitable doctrines ignoring that each has its own, distinct, elements of proof. The single nebulous "fact" pleaded by Amazon ("Plaintiff was aware of the accused products for more than seven years before filing this suit as a result of Plaintiff's sale of competing products on Amazon.com," Dkt. 111 at 12) fails to provide notice to JumpSport of the factual basis of any of the six equitable doctrines thrown together as a defense.

**Estoppel**. Amazon's invocation of "estoppel" is contrary to the Supreme Court's holding in *SCA Hygiene v. First Quality Baby Prods.*, 137 S.Ct. 954 (2017) that recognized that Congressional intent is frustrated by the application of equitable principles (such as laches and estoppel) for the purpose of extinguishing the statutory six-year period for

limiting damages. Amazon's threadbare recitation of the word "estoppel" and the unremarkable fact that JumpSport was allegedly and somehow "aware of" each and every accused product sold by Amazon "for more than seven years," does not sufficiently plead an "estoppel" defense.

Equitable estoppel "consists of three elements: (1) the patentee engages in misleading conduct that leads the accused infringer to reasonably infer that the patentee does not intend to assert its patent against the accused infringer; (2) the accused infringer relies on that conduct; and (3) as a result of that reliance, the accused infringer would be materially prejudiced if the patentee is allowed to proceed with its infringement action." *John Bean Techs. Corp. v. Morris & Assocs.*, 887 F. 3d 1322, 1327 (Fed. Cir. 2018) (citing *Scholle Corp. v. Blackhawk Molding Co., Inc.*, 133 F. 3d 1469, 1471 (Fed. Cir. 1998)). Amazon fails to plead facts sufficient to provide JumpSport with adequate notice of any allegedly misleading conduct (or even silence), facts supporting reliance on them by Amazon, or material prejudice suffered by Amazon.[2]

**Acquiescence and Waiver.** Amazon's "acquiescence and waiver" pleading is similarly unavailing. Assuming these even stand as legally cognizable affirmative

---

[2] Equitable estoppel in the Fifth Circuit has a slightly different recitation of elements, none of which Amazon has adequately pleaded: "Equitable estoppel requires (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted upon; (4) to a party without knowledge or means of obtaining knowledge of those facts; (5) who detrimentally relies on the representations." *JP Morgan Chase Bank, NA v. DataTreasury Corp.*, 79 F. Supp. 3d 643, 657 (E.D. Tex. 2015) (*citing Trudy's Texas Star v. City of Austin,* 307 S.W.3d 894, 906 (Tex.App.-Austin 2010, no pet.)); *affirmed by JP Morgan Chase Bank, NA v. DataTreasury Corp.*, 823 F.3d 1006, 1019-20 (5th Cir. 2016).

defenses, Amazon provides no facts supporting their application. *See Wang Labs., Inc. v. Mitsubishi Elecs. America*, 103 F.3d 1571, 1580 (Fed. Cir. 1997) (observing that implied licenses were sometimes inferred from "acquiescence," which the *Wang Labs* Court characterized as a "categor[y] of conduct"). Amazon pleads no facts providing JumpSport with notice on how Amazon came to believe that it holds an implied license or has acted in response to circumstances, events, or conduct by JumpSport from which it reasonably believed its infringement was authorized.

**Issue Preclusion.** Amazon's allusion to "issue preclusion" is not adequate. Indeed, Amazon nowhere identifies any prior final judgment that is binding upon JumpSport with respect to the infringement of the accused Amazon products in this case.

*Kessler* **Doctrine.** Amazon's allegation that the "*Kessler* doctrine" is applicable is not adequately pleaded. As with issue preclusion, Amazon identifies no accused product that was the subject of prior litigation.

**Unclean Hands.** Amazon's "unclean hands" allegation is not adequately pleaded. Amazon fails to identify any conduct by JumpSport that would rise to the level of unclean hands, leaving JumpSport to guess at what facts (if any) are within the scope of discovery in this case.

**Amazon's Sixth Additional Defense: "the Asserted Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by Amazon."**

Amazon identifies no infringement contention made by JumpSport that would require an impermissible scope of the asserted claims. If Amazon contests an infringement contention raised under the Doctrine of Equivalents, *Moore USA, Inc. v. Standard Register*

*Co.*, 229 F. 3d 1091 (Fed. Cir. 2000), JumpSport lacks adequate notice of which contentions Amazon purports are contestable, and Amazon fails to identify how the Doctrine of Equivalents are unavailable to cover the accused products (or which products would be beyond the "scope" of the claims).

**Amazon's Seventh Additional Defense: Doctrine of License and/or Exhaustion.** Amazon identifies no license, release, or covenant not to sue that it asserts as covering the Amazon products at issue. This "defense" implicates matters of contract interpretation, and JumpSport is without notice of the contract at issue or any facts about Amazon's "license" theory. *Crossroads Systems, Inc. v. Dot Hill Systems, Corp.*, 48 F.Supp.3d 984, 988 (W.D. Tex. 2014). In the *SecurityProfiling* case, this Court struck the affirmative defense of license (express or implied) and the combined affirmative defense of "waiver, estoppel, claim preclusion, laches, unclean hands" because they were "devoid of any factual allegations to support" them in the same way that Amazon's defenses are devoid of factual allegations. *SecurityProfiling, LLC v. Trend Micro Am., Inc., et al.*, No. 6:16-cv-01165-RWS-JDL, 2017 U.S. Dist. LEXIS 72218 (E.D. Tex. May 11, 2017) (adopting Magistrate's recommendation of Mar. 21, 2017 (Dkt. 52 at 14-15, 17)).

Striking defenses pleaded in a "skeletal" manner like Amazon's is especially appropriate now because Amazon has had several months to investigate them and conduct discovery. Amazon even participated in the deposition of JumpSport's corporate representative about plaintiff's infringement contentions. Amazon's June 4, 2018 amended pleading (Dkt. 111) serves as confirmation that no factual basis exists for these defenses.

With discovery coming to a close and expert reports in a few months, it is time to narrow the case by shedding boilerplate pleadings so the parties can focus on the real issues. JumpSport is prejudiced by the burden of preparing its case on ghost issues that defendants pretextually abuse to subject JumpSport to invasive discovery on the basis of a hunch. The Rules and *SecurityProfiling* require more than a hunch.

## PRAYER FOR RELIEF

JumpSport requests that this Court strike Amazon's skeletally pleaded Third, Fifth, Sixth, and Seventh Additional defenses.

Filed: July 19, 2018　　　　　　　　　　Respectfully submitted,

By: _/s/ Cabrach Connor_
Cabrach J. Connor
State Bar No. 24036390
Email: cab@connorkudlaclee.com
Jennifer Tatum Lee
Texas Bar No. 24046950
Email: jennifer@connorkudlaclee.com
Kevin S. Kudlac
State Bar No. 00790089
Email: kevin@connorkudlaclee.com
**CONNOR KUDLAC LEE PLLC**
609 Castle Ridge Road
Suite 450
Austin, Texas 78746
512.777.1254 (main)
888.587.1134 (fax)
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Amazon about the issues raised and relief sought by this motion, and the parties were unable to reach agreement.

*/s/ Cabrach J. Connor*
Cabrach J. Connor

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2018, I caused a true and correct copy of the foregoing document to be served on all counsel of record via Electronic Case Filing (ECF) pursuant to Local Rule CV-5.

*/s/ Cabrach J. Connor*
Cabrach J. Connor